ShackebfoRD, J.,
delivered the opinion of the Court.
This bill and amended bill, was filed by the complainant, to set aside the sale of a tract of land, alleged to have been made by the wife when an infant ■■and feme covert. The lands had been sold by the 'former decrees of the Chancery Court: the defendant, Howard Henry, became the purchaser; and in his answer, he avers a champertous contract had been entered into between the complainant and his counsel, Connolley E. Trigg and. 0. P. Temple, for the prosecution of the suit, by which they agreed to prosecute the suit for $250, and if nothing was recovered, to make no charge. At this stage of this proceeding, the complainant took the depositions of 0. P. Temple and Connolley P. Trigg, the counsel with whom the champertous contract was ■alleged to have been made. They, in their proof, deny there was any condition or agreement, and set out the contract, which was in writing, and is as follows: “I have this day made a contract with Messrs. Trigg & Temple, of Knoxville, to file a bill for myself and wife in the Chancery Court at Madisonville, to set aside a contract entered into by my wife with H. H. Stevens, for the sale of her interest in the lands of her father, and to recover her distributive share of the money for which the lands have since been sold, by order of the Chancery Court aforesaid. For the services of said Trigg & Temple, in said cause, I am to *85 pay them $250, -winch they are authorized to retain out of the money when paid.
“Witness my hand and seal, this 20th March, 1858.
M. S. Benton.”
Two witnesses on behalf of defendants, proved the declarations of Benton, that he had employed Temple & Trigg, and if they gained nothing, he was to pay nothing. On the trial of the cause, the deposition of Temple & Trigg was excepted to, as incompetent witnesses, and the exception sustained. The Chancellor declared the contract champertous, and dismissed the bill, from which the complainants have appealed to tills Court.
We think the decree of the Chancellor erroneous. The Statutes against champerty are highly penal, and must be construed strictly. Section 1786 of the Code provides, upon the fact of champerty being satisfactorily disclosed to the Court where the suit may be depending, the suit shall be dismissed, and the attorney or attorneys so entering into such understanding or agreement, shall be stricken from the roll of attorneys, and adjudged disqualified to practice in any of the Courts of this State, for five years; but no attorney shall be stricken from the rolls, until he shall have an opportunity of answer in equity, or upon interrogations filed. We are of opinion an attorney is a competent witness to prove the contract, and the complainant had the right to call them. The contract made with them was in writing, and he had the right to have the same in evidence. They were not interested in the event of the suit; the fact the alleged champertous contract was made with them, would go to their credit, but not render them incompetent as witnesses: Phil. Ev., Yol. 1, 47; *86 2 Curran’s Rep., 139; 2 Marsh. Ky. Rep., 539; 2 Vol. Phillips’ Notes, 88 and 84. They, in their depositions, exhibit and set forth the contract, which is legal and authorized by law. The provision in the contract, that they are to retain the amount of the fee out of the money when collected, is nothing more than the right given them by law, as they have a lien on the fund collected for their services; and upon motion, if the fund is in Court, it would have been paid them by order of the Court. The proof upon which the Chancellor dismissed the bill, was the declaration of the complainant — the most unsatisfactory of all testimony. The evidence, consisting as it does in the mere repetition of oral statements, is subject to much imperfection and mistake, the party himself either being misinformed, or not having clearly expressed his own meaning, or the witness misunderstood him, or a witness, unintentionally altering a few sentences, gives an effect to a statement entirely at variance with what the party did say: 1 Greenleaf, par. 200. In cases so highly penal, the Court should be fully satisfied of the truth of the charge, before dismissing a bill. When it does appear the case is tainted with cham-perty, it is the duty of the Court to carry into effect the laws, and purify the fountains of justice. We are satisfied no champerty exists in this cause; the rejection of the depositions of Temple & Trigg was improper, and a clear violation of the rules of evidence. The written contract between them and the complainants was fully authorized and legal, and no conditions expressed in it— an absolute promise, on the part of the complainant, to pay the sum agreed upon.
The decree of the Chancellor will be reversed: the cause remanded to the Chancery Court for further proceedings.